1   WILLIAM R. TAMAYO – #084965 (CA)
    JONATHAN T. PECK -- #12303 (VA)
2   EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
    EQUAL EMPLOYMENT OPPORTUNITY
3     COMMISSION                                          **E-filed 9/26/06**
    San Francisco District Office
4   350 The Embarcadero, Suite 500
    San Francisco, California  94105
5   Telephone:    (415) 625-5622
    Facsimile:    (415) 625-5657
6
    Attorneys for Plaintiff Equal Employment Opportunity Commission
7
    VIRGINIA VILLEGAS - #179062
8   JENNIFER REISCH - #223671
    TALAMANTES/VILLEGAS/CARRERA, LLP
9   1550 Bryant Street, Suite 725
    San Francisco, CA 94103
10  Telephone:    (415) 861-9600
    Facsimile:    (415) 861-9622
11
    Attorneys for Plaintiff/Intervenors Sandra Vargas, Marivel Hernandez, and Esther Hernandez
12
13  BRUCE J. BOEHM - #186715
    McKAY, BURTON & THURMAN
14  170 South Main Street, Suite 800
    Salt Lake City, Utah 84101
15  Telephone: (801) 521-4135
    Facsimile: (801) 521-4252
16
    Attorneys for Defendants
17  HARMAN-CHIU, INC., d/b/a KFC/TACO BELL, HARMAN MANAGEMENT
    CORPORATION, INC., AND JORGE GARCIA
18

19

20              **UNITED STATES DISTRICT COURT**

21              **NORTHERN DISTRICT OF CALIFORNIA**

22

23  **EQUAL EMPLOYMENT OPPORTUNITY**        )   Civil Action No.  C-05-3615 JF
    **COMMISSION,**                         )
24                                          )
                    Plaintiff,              )   **CONSENT DECREE**
25                                          )
    **SANDRA VARGAS, ESTHER**               )
26  **HERNANDEZ, and MARIVEL**              )
    **HERNANDEZ**                           )
27                                          )
                    Plaintiff/Intervenors,  )
28                                          )

1 v.                                         )
                                             )
2  **HARMAN-CHIU, INC., d/b/a/**             )
   **KFC/TACO BELL, HARMAN**                 )
3  **MANAGEMENT CORPORATION,**               )
   **INC., JORGE GARCIA, AND**               )
4  **DOES 1-10 inclusive,**                  )
                                             )
5                                            )
                Defendants.                  )
6  _____  )

7

8          Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC")

9  brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights

10 Act of 1991, to correct alleged unlawful employment practices on the basis of sex harassment

11 and retaliation and to make whole Ms. Sandra Vargas and other similarly situated female

12 employees aggrieved by the alleged unlawful practices. Plaintiff EEOC alleged that defendants
13
   HARMAN-CHIU, INC., d/b/a KFC/TACO BELL (hereinafter "the Company") and HARMAN
14
15 MANAGEMENT CORPORATION ("HMC"), unlawfully subjected Ms. Vargas and others to a

16 sexually hostile work environment and retaliation. Plaintiff -Intervenors Sandra Vargas, Esther

17 Hernandez and Marivel Hernandez intervened in the lawsuit alleging both federal and state

18 claims of discrimination. Plaintiff EEOC and the Intervenors are collectively referred to as the
19
20 "Plaintiffs." Defendants denied all the allegations.

21         In the interest of resolving this matter and as a result of having engaged in

22 comprehensive settlement negotiations, the Commission, Intervenors, and Defendants

23 (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the

24 "Lawsuit") should be finally resolved by entry of this Consent Decree. This Consent Decree
25
26 shall not constitute an adjudication and/or a finding on the merits of the Lawsuit.

27         This Consent Decree resolves all claims arising out of EEOC Charge No. 377-2003-

28 00905 and the complaints filed in the Lawsuit, and constitutes a complete resolution of all claims

**CONSENT DECREE**
**CIV. C 05 3615 JF**                                        Page 2

1  of sex discrimination, sexual harassment, and retaliation under Title VII that were made or could

2  have been made by the Commission and Intervenors in this Lawsuit.  This consent decree also

3
4  resolves all claims for attorneys fees and costs that were made or could have been made by the

5  Commission and Intervenors, and their respective attorneys, in this Lawsuit.  This Consent

6  Decree does not, however, resolve any future charges or charges that may be pending with the

7  EEOC other than the charge and complaints specifically referenced in this paragraph.

8       With the exception of the settlement agreement between Intervenors and Defendants,
9
10  this Consent Decree comprises the full and exclusive agreement of the Parties with respect to the

11  matters discussed herein.  No waiver, modification or amendment of any provision of this

12  Consent Decree shall be effective unless made in writing and approved by all the Parties to this

13  Decree,  and any substantive change, modification or amendment of any provision of this

14  Consent Decree shall also require approval by the Court.

15
16       The Court has reviewed this Consent Decree in light of the pleadings, the record herein,

17  and now approves this Consent Decree.  THEREFORE, IT IS ORDERED, ADJUDGED AND

18  DECREED:

19  I.    **GENERAL PROVISIONS**

20  1.    This Court has jurisdiction over the subject matter and the Parties to this Lawsuit.  This
21
22        Court will retain jurisdiction over this Decree for all purposes until the expiration of

23        Defendants' obligations as set forth herein.

24  2.    Defendant HMC will be dismissed with prejudice from this lawsuit.

25  3.    This Consent Decree is final and binding upon the Parties, their successors and assigns.

26
27  **II.   GENERAL INJUNCTIVE RELIEF**

28  4.    ***Sexual Harassment***: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, the

Company, and its officers, agents, managers (including supervisory employees), successors and assigns, shall be enjoined from: (a) discriminating against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or be a party to any action, policy or practice that is intended to, or is known to them, to have the effect of harassing or intimidating any employee on the basis of sex; or (c) creating, facilitating or permitting, to the extent known to them, the existence of a work environment hostile to female employees.

5. **_Retaliation_**: The Company its officers, agents, managers (including supervisory employees), successors or assigns, are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of the Company because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by the Company), proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; (e) asserted any rights under this Consent Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Consent Decree.

## III.   MONETARY RELIEF

6.   The Company is to pay the total sum of $349,800.00 (Three hundred and forty nine thousand and eight hundred Dollars and No Cents) (the "Settlement Payment") as damages, to be allocated to Sandra Vargas, Esther Hernandez, Marivel Hernandez, other

CONSENT DECREE
CIV. C 05 3615 JF                                                    Page 4

1   similarly situated women, and their respective attorneys as determined by the EEOC and

2   Plaintiff Intervenors as set forth in Paragraph 7.

3
4   7.   Sandra Vargas, Esther Hernandez, Marivel Hernandez and other similarly situated

5   women.

6        a.   $345,000.00 of the Settlement Payment will be paid as damages for physical

7             injuries and/or physical illness, and emotional distress relating to such physical

8             injuries and/or physical illness and will be allocated to Sandra Vargas, Esther

9
10            Hernandez, Marivel Hernandez, other similarly situated women, and their

11            respective attorneys, as determined by the EEOC and Plaintiff Intervenors.  The

12            remaining $4,800.00 of the Settlement Payment will be allocated as follows:

13            $1,600.00 to Sandra Vargas for vocational training, $1,600.00 to Esther

14            Hernandez for vocational training, and $1,600.00 to Marivel Hernandez for

15            vocational training

16
17       b.   The Plaintiffs shall advise the Company of the allocation of the Settlement

18            Payment, and the Company shall report the Settlement Payment by issuance of

19            IRS Form 1099.

20       c.   The Company shall pay the Settlement Payment as follows:

21
22            i.   Within ten (10) days of all of the following having occurred: 1) the entry

23                 of this Consent Decree, 2) dismissal of the Complaint in Intervention with

24                 prejudice, 3) dismissal of HMC with prejudice, and 4) receipt of properly

25                 completed W-9's, the Company will issue 1) a check for the amount of

26                 $319,800.00 made jointly payable to Sandra Vargas, Esther Hernandez, Marivel

27
28                 Hernandez, and Talamantes/Villegas/Carrera, LLP, and 2) two separate checks for

the identified women made in their respective names and in the amounts (which

collectively shall not exceed $30,000.00) provided by the EEOC.  The Company

shall make payment in the form of a business check, cashier's check, or certified

check.

The Company will mail the check for Sandra Vargas, Esther Hernandez, and

Marivel Hernandez, and Talamantes/Villegas/Carrera, LLP to Virginia Villegas,

Talamantes/Villegas/Carrera, LLP, 1550 Bryant Street, Suite 725, San Francisco,

CA 94105.  The Company will mail the checks for the identified women to

Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC 350 The

Embarcadero, Suite 500, San Francisco, CA 94105.

ii.      The EEOC will distribute the check to the identified former female

employees within ten (10) days of receipt.  The Company will forward the checks

within ten (10) days of the EEOC forwarding the release to Defendants' counsel.

d.      Entire Consideration.  The Plaintiffs agree that the foregoing amounts shall

constitute the entire monetary consideration provided to the Plaintiffs under this

Consent Decree and the Settlement Agreement between Intervenors and

Defendants, and that Plaintiffs, and their respective attorneys, will not seek any

further compensation for any other claimed damage, cost, or attorney's fees in

connection with the matters encompassed by this Consent Decree.

## IV.      SPECIFIC INJUNCTIVE RELIEF

8.      **Zero-Tolerance**

The Company affirms the following "Statement of Zero-Tolerance Policy and Equality

Objectives":

1    The Company is firmly committed to maintaining a zero-tolerance

2    policy concerning discriminatory harassment and retaliation against

3    individuals who report harassment in the company's workplace; to

4    swiftly and firmly respond to any acts of harassment and retaliation

5

6    of which the company becomes aware; to imposing appropriate

7    discipline designed to strongly deter future acts of harassment or

8    retaliation; and to actively monitor its workplace in order to ensure

9    tolerance, respect and dignity for all employees.

10

11   This paragraph does not create any individual contractual or common law causes of

12   action or other rights that would not otherwise exist under statute.

13   **9.    EEO and Harassment Policies**

14   The Company shall revise to the extent necessary EEO & harassment policies,

15   within thirty (30) days of signing the Consent Decree, such that the policies: (i)

16   include definitions of discriminatory harassment, with specific reference to

17   harassment based on sex; (ii) include examples to supplement the definitions of

18   harassment based on sex; (iii) provide for appropriate discipline and/or corrective

19   action for incidents of discriminatory harassment designed to deter future acts of

20   harassment; (iv) include strong non-retaliation language with examples to

21   supplement the definition of retaliation; (v) provide for appropriate discipline for

22   incidents of retaliation designed to deter future acts of retaliation; (vi) provide that

23   complaints of harassment and/or retaliation will be accepted irrespective of

24   whether they are made verbally or in writing; (vii) provide a reasonable timetable

25   for commencing an investigation after a complaint is made or received and for

26

27

28

appropriate remedial action, if warranted, to be taken upon conclusion of an

investigation; and (viii) indicate that, promptly upon the conclusion of the

investigation of a complaint, the Company will communicate to the complaining

party the results of the investigation and the remedial actions taken or proposed, if

any.

      b.      The Company shall effectively disseminate its revised policies and

procedures in English and Spanish by:

            i.      Distributing copies of the policy to all current employees within 30

days of its adoption;

            ii.      Giving a copy of the policy to and reviewing the policy with all

new employees upon the employees' hire.

      c.      The Company will submit a copy of the revised EEO and harassment

policies to EEOC at the same time it submits the report on the completion

of training as described below.

10.    **Complaint Procedure**.

The Company shall develop a complaint procedure designed to encourage employees to

come forward with complaints about violations of its harassment policy.  As part of the

policy, the Company shall provide its employees with convenient, confidential and

reliable mechanisms for reporting incidents of harassment and retaliation.  The

Company's complaint procedure and harassment policy shall notify employees that they

can lodge a complaint with their immediate supervisor, restaurant consultant, or a

Company Corporate Officer, and shall provide the name and telephone numbers for such

individuals. Contact information for the restaurant consultant and Company Corporate

Officer shall also be continuously posted in a prominent place at the Company's business location in Sunnyvale, California.

      a.     The Company will submit a copy of the complaint procedures to the EEOC twenty (20) days before the completion of training as required below.

11.   **Posting.**

The Notice is attached hereto as Exhibit A, outlines the terms of the non-monetary aspects of the Consent Decree.  It shall remain posted in English and Spanish, in a clearly visible location frequented by employees at the Company's restaurant in Sunnyvale, California during the term of this Consent Decree.   The Company shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  If the notice becomes defaced or illegible, the Company shall replace it.  The Company shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted.

12.   **Distribution of Anti-Harassment Policy.**

Within thirty (30) days of the entry of this Consent Decree, the Company shall issue to all employees, supervisors and managers at its restaurant its anti-harassment policy and procedure statement, in English and Spanish, and each such person shall be asked to sign an acknowledgment that they have received and read the policy.  The same acknowledgment shall be required of all newly hired employees at the start of their employment.

13.   **Training of Employees.**

The Company shall provide and require all current and new employees to attend anti-harassment training once every year throughout the duration of this Consent Decree.  The

purpose of said training shall be to give participants an understanding of harassment issues, particularly sexual harassment, including but not limited to what constitutes sexual harassment, sources of legal protection for sexual harassment victims, the employees' obligation to report sexual harassment, the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints, and to review company policies (including discipline policies) and practices related to sexual harassment and retaliation with Company employees. The training will be given in both English and Spanish.

14. **Training Logistics.**

The content, method of training and size of training classes is subject to approval by the Commission which approval shall not be unreasonably withheld and which shall take into consideration the Company's operational needs. The Company agrees to provide a description of each training program to counsel for the Commission no later than twenty (20) days before the training programs are scheduled to be held.

15. **Acknowledgment of Training Attendance.**

All persons attending mandatory anti-harassment training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the company. The Company shall retain the originals of these acknowledgments and provide the EEOC with a copy thereof each year.

16. **Expungement of Records and Disclosure of Information Regarding Sandra Vargas,**
**Esther Hernandez, Marivel Hernandez and Claimants' Employment**

    a.    The Company shall not disclose any information or make references to any

           charges of discrimination or this lawsuit in responding to employment reference

requests for information about Sandra Vargas, Esther Hernandez, Marivel Hernandez, and the identified similarly situated women.

b.   The Company shall expunge from Sandra Vargas', Esther Hernandez', Marivel Hernandez', and the identified similarly situated women's personnel file any references to a charge of discrimination against the Company and this lawsuit.

c.   The Company shall modify Sandra Vargas', Esther Hernandez', Marivel Hernandez', and the identified similarly situated women's personnel file such that the reason for their separation from employment is officially reported as a resignation.

d.   The Company shall expunge from Sandra Vargas' personnel file all disciplinary notices.

e.   From the date of entry of this Consent Decree, the Company shall not disclose in response to inquiries from potential employers, any information regarding Sandra Vargas, Esther Hernandez, Marivel Hernandez, and the identified similarly situated women's employment with the Company except as follows:

i.   In response to a specific inquiry, the Company may disclose Sandra Vargas', Esther Hernandez', Marivel Hernandez', and identified former female employees' dates of employment, position held and final rate of pay;

ii.   The Company may report any information as required by law to state or federal authorities;

iii.   The Company may disclose information under Court order;

iv.   Within ten (10) days from the date of entry of this Consent Decree, the

1   Company shall provide Sandra Vargas, Esther Hernandez, Marivel

2   Hernandez, and similarly situated women with a letter of reference which

3   would state her dates of employment and positions held. The original letter

4

5   of references shall be sent to Evangelina Fierro Hernandez, Senior Trial

6   Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA

7   94105.

8          v.    Jorge Garcia shall issue a letter of apology to Sandra Vargas, Esther

9   Hernandez and Marivel Hernandez.

10

11   17.    **Reports to the Commission**

12       a.    Training Report:

13   Within thirty (30) days of completion of the training required by this Consent

14   Decree, the Company will send the EEOC verification of its completion of

15   harassment training for its employees.

16

17       b.    Sexual Harassment Complaint Reports: Within ninety (90) days after entry of this

18   Decree, the Company will mail to counsel for the Commission a report containing

19   the following information and documentation:

20       i.    Copies of all sexual harassment complaints, other than the complaints that

21   are the subject of this Lawsuit, and a statement regarding the result of the

22   investigation of each complaint.  Additionally, the Company will identify

23   the name, address and telephone number of the complainant and identify

24   the person who received the complaint.  A copy of all records, documents

25   and other writings relevant to such complaints and investigations shall be

26   maintained by the Company during the period of the Consent Decree and

27

28

will be made available to the Commission within ten (10) business days

following a written request from the Commission.

ii.     On the fifth day of January and June of each year during the duration of

this Consent Decree, the Company will mail to counsel for the

Commission a report containing the above documentation and information.

18.    **Policies Designed to Promote Supervisor Accountability**

a.     Communication of Potential Discipline for Engaging in Harassment.

The Company shall impose appropriate discipline, up to and including

termination, suspension without pay or demotion, upon any supervisor or manager

who engages in sexual harassment or knowingly permits any such conduct to

occur in his or her work area or among employees under his or her supervision, or

who retaliates against any person who complains or participates in any

investigation or proceeding concerning such conduct. The Company shall

communicate this policy to all of its supervisors and managers.

b.     Communication of Duty to Actively Monitor Worksite.

The Company shall advise all managers and supervisors of their duty to actively

monitor their work areas to ensure employee compliance with the company's anti-

harassment policy, and to report any incidents and/or complaints of harassment

and/or retaliation of which they become aware to the individuals charged with

handling such complaints.

V.     **RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

a.     This Consent Decree shall terminate three (3) years from the date of entry by the

Court, unless the Commission petitions this Court for an extension of the Decree

1    because of noncompliance by the Company. If the Commission determines that

2    the Company has not complied with the Consent Decree, the Commission will

3
     provide written notification of the alleged breach to the Company and will not
4

5    petition the Court for enforcement sooner than thirty (30) days after providing

6    written notification. The thirty-day period following written notice shall be used

7    by the parties for good faith efforts to resolve the issue. If the Commission

8    petitions the Court and the Court finds the Company to be in substantial violation
9
     of the terms of the Decree, the Court may extend this Consent Decree
10

11   b.   Except as provided in the preceding paragraph, three (3) years after the entry of

12        this Consent Decree, this lawsuit will be dismissed with prejudice, provided that

13        the Company has complied substantially with the terms of this Consent Decree.

14        The Company will be deemed to have complied substantially if the Court has not
15
          made any findings or orders during the term of the Decree that the Company has
16

17        failed to comply with any of the terms of this Decree. This Consent Decree will

18        automatically expire without further Court Order.

19   //

20   //

21   //
22

23   //

24   //

25   //

26   //
27

28   //

On Behalf of Plaintiff Commission

Dated: September _____, 2006

_____
William R. Tamayo
Regional Attorney

_____
Jonathan T. Peck
Supervisory Trial Attorney

_____
Evangelina Fierro Hernandez
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

IT IS SO ORDERED:

Dated: ____9/22/06_____

On Behalf of Defendants:

Dated: September _____, 2006

_____
Bruce J. Boehm
McKAY, BURTON & THURMAN
Attorney for Harman-Chiu and Harman
Management

On Behalf of Plaintiff-Intervenors

_____
Virginia Villegas
TALAMANTES/VILLEGAS/
CARRERA, LLP
Attorney for Intervenors

_____
Jeremy Fogel
United States District Court Judge

1  On Behalf of Plaintiff Commission

2

3  Dated: September 18th, 2006

4

5

6  William R. Tamayo
   Regional Attorney

7

8

9  Jonathan T. Peck
10 Supervisory Trial Attorney

11

12

13 Evangelina Fierro Hernandez
14 Senior Trial Attorney
   U.S. EQUAL EMPLOYMENT
15 OPPORTUNITY COMMISSION

16

17 IT IS SO ORDERED:

18

19

20 Dated:_____

21

22

23

24

25

26

27

28

---

On Behalf of Defendants:

Dated: September _____, 2006

_____
Bruce J. Boehm
McKAY, BURTON & THURMAN
Attorney for Harman-Chiu and Harman
Management

On Behalf of Plaintiff-Intervenors

_____
Virginia Villegas
TALAMANTES/VILLEGAS/
CARRERA, LLP
Attorney for Intervenors

_____
Jeremy Fogel
United States District Court Judge

---

**CONSENT DECREE**
**CIV. C 05 3615 JF**                                    Page 15

| | |
|---|---|
| On Behalf of Plaintiff Commission | On Behalf of Defendants: |

1

2

3    Dated: September ____, 2006                 Dated: September  _15_ , 2006

4

5

_[signature]_

6    _____          Bruce J. Boehm
     William R. Tamayo                     McKAY, BURTON & THURMAN
7    Regional Attorney                     Attorney for Harman-Chiu and Harman
                                           Management
8

9    _____          On Behalf of Plaintiff-Intervenors
     Jonathan T. Peck
10   Supervisory Trial Attorney

11

12

13   _____          _____
     Evangelina Fierro Hernandez           Virginia Villegas
14   Senior Trial Attorney                 TALAMANTES/VILLEGAS/
     U.S. EQUAL EMPLOYMENT                 CARRERA, LLP
15   OPPORTUNITY COMMISSION                Attorney for Intervenors

16

17   IT IS SO ORDERED:

18

19

20   Dated:_____

21                                         _____
                                           Jeremy Fogel
22                                         United States District Court Judge

23

24

25

26

27

28

**CONSENT DECREE**